UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                          :

UNITED STATES OF AMERICA,            :
                          :

        -v-                 :        21-CR-658 (JMF)
                          :

MALEK MOHAMMAD BALOUCHZEHI,  :         <u>ORDER</u>
      a/k/a "Malek Khan,"        :
                          :

              Defendant.     :
                          :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached to this Order is a final version of the juror questionnaire that the Court used

during oral voir dire on May 8, 2023.  Also attached is the draft jury charge that was considered

at the charge conference held on the record on May 12, 2023.

      SO ORDERED.

Dated:  May 12, 2023
      New York, New York                                                                                                                         JESSE M. FURMAN
                                                                 United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,          :

                                            :

           -v-                     :          21-CR-658 (JMF)

                                            :

MALEK MOHAMMAD BALOUCHZEHI,   :          <u>VOIR DIRE</u>
     a/k/a "Malek Khan,"               :

                                            :

                  Defendant.          :

                                            :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

**<u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON</u>**

**<u>THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which your answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.   <u>General Questions</u>

1.      As I noted, this trial is expected to last up to two weeks. Do you have any unmovable commitments or extraordinary personal hardship that would interfere with your serving as a juror at a trial that is expected to end, at the latest, by Friday, May 19th?

2.      Do you have any difficulty understanding or reading English?

3.      Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.      As I mentioned, at the end of the trial, I will give you thorough instructions on the applicable law, including what the Government must prove beyond a reasonable doubt for you to find the defendant guilty of the crimes with which he is charged. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5.      In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt. Would you have any trouble following my instructions on these points?

6.      Because the burden rests with the Government at all times, the defendant has no obligation to offer evidence or to testify in his own defense. If the defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

7.      Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

8.      Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office or a court?

9.      Have you, or has any close friend or relative, ever worked for any law enforcement agency, including the Drug Enforcement Administration (DEA), the United States Attorney's Office, the Department of Justice, or any other such agency?

10.      Do you have any bias or prejudice for or against the DEA, the United States Attorney's Office, the Department of Justice, or any other law enforcement agency?

11.      Have you, or has any close friend or relative, either as an individual or in the course of business, ever been involved in any legal action or dispute with the United States or any of the offices, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

12.      Have you, or has any close friend or relative, ever worked for a criminal defense attorney or private investigator?

13.      Do you have any bias or prejudice for or against criminal defense attorneys?

14.      Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race, national origin, or gender, that may inhibit your ability to be a fair and impartial juror in this case?

B.      <u>Case-Specific Questions</u>

15.      Do you have any personal knowledge of this case, or have you heard or read anything about the charges as I have described them?

16.      The government witnesses in this case may include law enforcement officers and other government employees.  Would you have any difficulty assessing the credibility of such a witness just like you would any other witness?

17.      You also may hear testimony from expert witnesses.  Have you had any experiences with expert witnesses, or do you have any general feelings about the use of expert witnesses, that would affect your ability to be fair and impartial in this case?

18.      This trial may include:

    a.   evidence obtained from the use of confidential sources;

    b.   evidence obtained from the use of undercover law enforcement officers;

    c.   evidence obtained through searches by law enforcement officers; and

      d.  evidence of conversations with the defendant and others that were recorded without their knowledge.

I instruct you that any evidence of these kinds, and indeed any evidence that is presented at trial, was lawfully obtained.  Do you have any feelings or opinions about the use of any of these kinds of evidence that could make it difficult for you to evaluate the evidence fairly and impartially?

19.      The Government is not required to use any particular investigative technique when uncovering evidence of, or prosecuting, a crime.  Would you have any trouble following my instructions on that score?

20.      Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

21.      As I mentioned, the defendant is charged with conspiring to import and distribute heroin.  You may also hear evidence relating to the distribution and/or importation of other illegal drugs, including methamphetamine.  Do you have any feelings, beliefs, or experiences relating to illegal drugs, or to the prosecution or enforcement of drug laws, that would affect your ability to be fair and impartial in this case?

22.      Have you, or has any close friend or relative, been involved — as a defendant, victim, witness, or in any other way — in a case involving illegal drugs?

23.      Have you, or has any close friend or relative, had any experience with illegal drugs (including but not limited to addiction or rehabilitation) that would affect your ability to be fair and impartial in this case?

24.      Do you think that you could not sit fairly and impartially as a juror in a case involving charges like those in this case?

25.      The defendant is Iranian and will be assisted at trial by Farsi interpreters.  Is there anything about these facts that might affect your ability to be fair and impartial in this case?

26.      Do you speak or understand Farsi?

C.     Knowledge of Parties, Lawyers, and Witnesses

27.     The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams.  Appearing on his behalf in this case will be Assistant United States Attorneys Kaylan Lasky and Elinor Tarlow.  They will be assisted by Kayla Collins, a paralegal specialist in the U.S. Attorney's Office.  Do you know, or have you had any dealings, directly or indirectly, with any of these people or any other member of the United States Attorney's Office for this District?

28.     The Assistant United States Attorneys will also be assisted in this case by Special Agent Sasskayo Palmer of the DEA.  Have you, or has anyone close to you, had any dealings, either directly or indirectly, with Special Agent Palmer or with the DEA?

29.     As I mentioned, the defendant in this case is Malek Mohammad Balouchzehi.  Mr. Balouchzehi is represented by Marc Greenwald, Cohl Love, Tai Park, Marissa Smith, and Courtney Whang, of the law firm Quinn Emanuel Urquhart & Sullivan, LLP.  Do you know, or have you had any dealings, directly or indirectly, with any of these people; Quinn, Emanuel, Urquhart & Sullivan; or anyone else at that firm?

30.     You received a separate document titled "List of Names."  Please read the list carefully. Do you know or have you heard of any of the people named on that list?  (If so, please note the letter associated with the name.)

31.     Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

32.     Some of the evidence in this case may concern events that took place at or around the following locations:

      a.   Windsor Golf Hotel & Country Club in Nairobi, Kenya

      b.   Baia Mall in Maputo, Mozambique

      c.   Maputo Shopping Center in Maputo, Mozambique

      d.   Taverna Café in Maputo, Mozambique

      e.   The Balochistan region in Iran, Afghanistan, and Pakistan

More generally, there may be references in this case to Iran, Afghanistan, Mozambique, and Kenya. Do you have familiarity with any of these countries or places that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?

D.      Experience with, and Opinions of, Lawsuits

33.     If you or any close friend or relative has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

34.     Have you, or has any close friend or relative, ever been involved, been questioned, or appeared as a witness, in any trial or any investigation, including any investigation by a federal or state grand jury or a law enforcement agency?

35.     Have you, or has any close friend or relative, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

36.     Have you, or has any close friend or relative, ever been arrested or incarcerated?


E.      Difficulties in Understanding or Serving

37.     Do you have any problem with your hearing or vision or any physical or medical issues (including any medication you may be taking) that would prevent you from giving your full attention to all of the evidence presented during this trial?

38.     Is there anything about COVID-19 that would affect your ability to be fair and impartial in this case?

39.     The question of punishment is for me alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty.  Would you have any trouble following that instruction if you were selected to serve as a juror?

40.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case.  Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1.      Please state your name.

2.      In which county or counties have you lived during the past five years?

3.      How old are you?

4.      How far did you go in school?

5.      What do you do?  (If retired or unemployed, describe your last employment.)

6.      How long have you been employed in your current position?  (If fewer than five years, where else did you work in the last five years?)

7.      Do you live with anyone and, if so, what do they do?

8.      Do you have grown children and, if so, what do they do?

9.      Where do you typically get your news?  For example, what phone apps, television shows, print newspapers, magazines, radio shows, podcasts, or internet news site(s) do you use, read, watch, or listen to on a regular basis?

10.      Do you watch any shows dealing with the criminal justice system, such as investigative news programs like Dateline, 48 Hours, or 20/20, or police drama shows like Law & Order or CSI?

11.      Do you belong, or volunteer your time, to any associations, organizations, clubs, or unions?

12.      What do you like to do in your spare time?

13.      Have you ever served as a juror?  If so, when did you serve and were you on a grand jury or a regular jury?  If a regular jury, was it a civil or criminal case?  Did you reach a verdict?  (**Do not tell us what the verdict was**.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,              :

                                          :

     -v-                                     :

                                          :        21-CR-658 (JMF)

MALEK MOHAMMAD BALOUCHZEHI,   :
        a/k/a "Malek Khan,"                :

                                          :

                       Defendant.        :

                                          :

-------------------------------------------------------------------X

## <u>DRAFT</u> JURY CHARGE

May 12, 2023

## Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................................ 1

    Role of the Court and the Jury ................................................................................................ 2

    The Parties .............................................................................................................................. 2

    Conduct of Counsel ................................................................................................................ 2

    Presumption of Innocence and Burden of Proof ................................................................... 3

    Proof Beyond a Reasonable Doubt ......................................................................................... 3

    Direct and Circumstantial Evidence ...................................................................................... 4

    What Is and What Is Not Evidence ........................................................................................ 6

    Credibility of Witnesses ......................................................................................................... 7

    Expert Witnesses .................................................................................................................... 8

    Law Enforcement and Government Witnesses ....................................................................... 9

    Undercover Agents and Informants ....................................................................................... 9

    Preparation of Witnesses ........................................................................................................ 9

    Uncalled Witnesses .............................................................................................................. 10

    Number of Witnesses and Uncontradicted Testimony ......................................................... 10

    Stipulations ........................................................................................................................... 11

    Limited Purpose Evidence .................................................................................................... 11

    All Evidence Was Lawfully Obtained .................................................................................. 11

    Particular Investigative Techniques ..................................................................................... 12

    Persons Not on Trial ............................................................................................................. 12

    All Available Evidence Need Not Be Introduced ................................................................ 13

    Transcripts of Recordings ..................................................................................................... 13

    The Defendant's Testimony .................................................................................................. 14

II. SUBSTANTIVE CHARGES ....................................................................................................... 14

    The Indictment ...................................................................................................................... 14

    Conspiracy and Substantive Counts ..................................................................................... 15

    Count Two: Distribution of Heroin for Importation ............................................................ 17

    Definitions: "Distribute," "Import," "Knowingly," and "Intentionally" ............................. 18

    Count Two: Aiding and Abetting the Distribution of Heroin for Importation ..................... 19

Count Two: Attempted Distribution of Heroin for Importation ................................ 20

Count One: Elements ............................................................................................... 22

Count One — First Element: Existence of a Conspiracy ........................................ 23

Count One — First Element: Object of the Conspiracy .......................................... 24

Count One — Second Element: Membership in the Conspiracy ............................ 26

Both Counts — Special Interrogatory on Drug Type and Quantity ....................... 29

Venue ....................................................................................................................... 30

Variance in Dates .................................................................................................... 31

III. CONCLUDING INSTRUCTIONS ........................................................................ 31

Selection of the Foreperson .................................................................................... 31

Right to See Exhibits and Hear Testimony ............................................................. 32

Juror Note-Taking ................................................................................................... 32

Bias, Prejudice, and Sympathy ............................................................................... 33

Duty to Deliberate ................................................................................................... 34

Return of the Verdict ............................................................................................... 35

Closing Comments .................................................................................................. 35

I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing

arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

there is a need for precision, and it is important that I get the words just right, and so that is why I will be

reading.

I have given you a copy of my instructions to follow along because they cover many points.

Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

easier to listen and understand while you are following along with me, please do so.  If you would

prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

instructions, it is my oral instructions that govern and that you must follow.  But you may take your

copy of the instructions with you into the jury room so you can consult it if you want to re-read any

portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you

can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established

by the evidence.

Finally, I will give you some instructions for your deliberations.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.  If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant, Malek Mohammad Balouchzehi, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10    The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11    guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12    shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13    case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.  The

14    fact that the defendant presented evidence does not shift the burden to him.

15    Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

16    presumption of innocence was in his favor when the trial began, continued in his favor throughout the

17    entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

18    crime during the course of your deliberations in the jury room, unless and until you determine that the

19    Government proves beyond a reasonable doubt that he committed the charged crime.

20

21    <u>Proof Beyond a Reasonable Doubt</u>

22    The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

23    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

1    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

2    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

3    whim.  It is not speculation or suspicion.

4         Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

5    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

6    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

7    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

8         If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

9    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

10   defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

11   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

12   reasonable doubt, and in that circumstance it is your duty to acquit.

13        On the other hand, if, after a fair and impartial consideration of all the evidence, you can

14   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

15   prudent person would be willing to act upon in important matters in the personal affairs of his or her

16   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

17

18   <u>Direct and Circumstantial Evidence</u>

19        There are two types of evidence that you may properly use in deciding whether the defendant is

20   guilty or not guilty of the crimes with which he is charged.

21        One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

22   when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

4

1    observed through the five senses.  The second type of evidence is circumstantial evidence.

2    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

3            There is a simple example of circumstantial evidence that is often used in this courthouse.

4    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

5    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

6    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

7    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

8            Now, because you could not look outside the courtroom and you could not see whether it was

9    raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

10   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

11           That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

12   and common sense from one established fact the existence or the nonexistence of some other fact.

13           The matter of drawing inferences from facts in evidence is not a matter of guesswork or

14   speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

15   facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

16           Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

17   Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

18   Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

19   between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

20   you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

21   the case.

22

1    <u>What Is and What Is Not Evidence</u>

2          What, then, is the evidence in the case?

3          The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

4    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

5          For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

6    are evidence, not the questions.  In addition, exhibits marked for identification but not admitted by me

7    are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.  Moreover,

8    testimony that has been stricken or excluded by me is not evidence and may not be considered by you in

9    rendering your verdict.

10         Arguments by the advocates are also not evidence.  What you heard during the opening

11   statements and summations is merely intended to help you understand the evidence and reach your

12   verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

13   recollection.  If a lawyer made a statement during his or her opening or summation and you find that

14   there is no evidence to support the statement, you should disregard the statement.

15         Last, any statements that I may have made during the trial or during these instructions do not

16   constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

17   to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

18   questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

19   evidence and to bring out something that I thought might be unclear.  You should draw no inference or

20   conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

21   reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

22   these instructions are no indication of my views of what your decision should be.  Nor should you infer

6

1  that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

2  you should decide any issue that is before you.  That is entirely your role.

3       Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

4  Whether you approve or disapprove of how any evidence was obtained should not enter into your

5  deliberations.

6

7  <u>Credibility of Witnesses</u>

8       How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

9  your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

10  same tests here that you use in your everyday life when evaluating statements made by others to you.

11  You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

12  was the witness to the questions asked on direct examination and on cross-examination?

13       If you find that a witness intentionally told a falsehood, that is always a matter of importance you

14  should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

15  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

16  determine whether such inconsistencies are significant or inconsequential, and whether to accept or

17  reject all of the testimony of any witness, or to accept or reject only portions.

18       You are not required to accept testimony even though the testimony is uncontradicted and the

19  witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

20  or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

21  conclude that the testimony is not worthy of belief.

22       In evaluating the credibility of the witnesses, you should take into account any evidence that a

23  witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

1    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

2    interests.  Therefore, if you find that any witness whose testimony you are considering may have an

3    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

4    of his or her testimony and decide whether to accept it with great care.

5            Keep in mind, though, that it does not automatically follow that testimony given by an interested

6    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

7    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

8    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

9

10   Expert Witnesses

11           You have heard testimony from an expert witness.  As I previously explained, an expert witness

12   is someone who, by education or experience, has acquired learning or experience in a specialized area of

13   knowledge.  Such a witness is permitted to express his opinions on matters about which he has

14   specialized knowledge and training.  The parties may present expert testimony to you on the theory that

15   someone who is experienced in the field can assist you in understanding the evidence or in reaching an

16   independent decision on the facts.

17           Your role in judging credibility applies to the expert as well as other witnesses.  In weighing an

18   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

19   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

20   If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

21   evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance

22   on his testimony.  However, you should not accept witness testimony simply because the witness is an

23   expert.  The determination of the facts in this case rests solely with you.

24

Law Enforcement and Government Witnesses

You have heard testimony from law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Undercover Agents and Informants

You have heard testimony from an undercover agent and an informant who were employed by the government to investigate the defendant.  Sometimes the government uses undercover agents and informants who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using these techniques.  Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents and informants. Whether or not you approve of the use of an informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

**Adapted from the Government's Request to Charge; _United States v. Esteves_, 20-CR-686 (JGK) (S.D.N.Y. 2022); Sand, _Modern Federal Jury Instructions_, Instr. 5-08.**

Preparation of Witnesses

You have heard some evidence during the trial that witnesses discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider such evidence when you are evaluating a witness's credibility, it is common for a witness to meet with

1   lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned

2   about, focus on the subjects, and have the opportunity to review relevant exhibits before being

3   questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such

4   consultation.  As always, the weight you give to the fact or the nature of these issues and what

5   inferences you draw from them are matters completely within your discretion.

6

7   Uncalled Witnesses

8       There are people whose names you have heard during the course of the trial but who did not

9   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

10  call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

11  to what they would have testified to had they been called.  Their absence should not affect your

12  judgment in any way.

13      You should, however, remember my instruction that the law does not impose on a defendant in a

14  criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

15  remains at all times with the Government.

16

17  Number of Witnesses and Uncontradicted Testimony

18      The fact that one party called more witnesses or introduced more evidence does not mean that

19  you should necessarily find the facts in favor of that side.  After examining all the evidence, you may

20  decide that the party calling the most witnesses has not persuaded you because you do not believe its

21  witnesses, or because you do believe the fewer witnesses called by the other side.

22      Again, you should also keep in mind that the burden of proof is always on the Government.  The

23  defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

10

1   innocent.  On the other hand, the Government is not required to prove each element of the offense by

2   any particular number of witnesses.  The testimony of a single witness may be enough to convince you

3   beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

4   the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

5   witness may also be enough to convince you that reasonable doubt exists, in which case you must find

6   the defendant not guilty.

7

8   Stipulations

9       Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

10  between parties as to what certain facts were or what the testimony would be if certain people testified

11  before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

12  should consider the weight to be given such evidence just as you would any other evidence.

13

14  Limited Purpose Evidence

15      If certain testimony or evidence was received for a limited purpose, you must follow the limiting

16  instructions I have given.

17

18  All Evidence Was Lawfully Obtained

19      You have heard testimony about evidence that was seized, about various searches, including

20  searches of electronic devices, and about recordings with the defendant and others that were made

21  without their knowledge.  Such evidence, and indeed all evidence presented at trial, was lawfully

22  obtained.  Whether you approve or disapprove of how the evidence was obtained should not enter into

23  your deliberations because I instruct you that the Government's use of the evidence is lawful.

11

1    You must, therefore, regardless of your personal opinions, give this evidence full consideration

2    along with all the other evidence in the case in determining whether the Government has proved the

3    defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

4    if any, to give to this evidence.

5

6    <u>Particular Investigative Techniques</u>

7    You have heard reference to certain investigative techniques that were used or not used by the

8    Government in this case.  There is no legal requirement that the Government prove its case through any

9    particular means.  While you are to carefully consider the evidence and/or lack of evidence adduced by

10   the Government, you are not to speculate as to why the Government used the techniques it did or why it

11   did not use other techniques.  Your concern is to determine whether or not, on the evidence or lack of

12   evidence, the Government has met its burden of proving each element of each charge beyond a

13   reasonable doubt.

14

15   <u>Persons Not on Trial</u>

16   Some of the people who may have been involved in the events leading to this trial are not on

17   trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and

18   prosecuted, or tried together, in the same proceeding.  You may not draw any inference, favorable or

19   unfavorable, toward the Government or the defendant from the fact that any person was not named as a

20   defendant in this case, and you may not speculate as to the reasons why other people are not on trial

21   before you now.  Those matters are wholly outside your concern and have no bearing on your function

22   as jurors in deciding the case before you.

23

1   <u>All Available Evidence Need Not Be Introduced</u>

2         The law does not require any party to call as witnesses all persons who may have been present at

3   any time or place involved in the case, or who may appear to have some knowledge of the matter in

4   issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

5   things available to either party during the course of the trial.

6

7   <u>Transcripts of Recordings</u>

8         The Government was permitted to give you transcripts containing the parties' interpretation of

9   what can be heard on some of the audio recordings that were received as evidence.  For audio recordings

10  in English, the transcripts were given to you as an aid or guide to assist you in listening to the

11  recordings.  These transcripts are not in and of themselves evidence.  You alone should make your own

12  interpretation of what appears on the recordings based on what you heard.  If you think you heard

13  something differently than appeared on the transcript, then what you heard is controlling.

14        For audio recordings in a foreign language, it is the corresponding transcripts that are evidence

15  you may consider during deliberations.  I remind you that even if you understand the foreign language

16  on a recording, you should not rely in any way on your knowledge of that foreign language.

17        Remember that the jury is the ultimate fact finder and, as with all the evidence, you may give the

18  transcripts such weight, if any, as you believe they deserve.

19  **Adapted from _United States v. Raji_, 18-Cr-870 (JMF) (S.D.N.Y. 2022); _United States v. Blondet_, 16-**

20  **CR-387 (JMF) (S.D.N.Y. 2022).**

21

1    The Defendant's Testimony

2        The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

3    no obligation to testify or to present any other evidence because, as I have told you many times, it is the

4    Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

5    the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

6    required to prove that he is innocent.

7        You may not attach any significance to the fact that the defendant did not testify.  No positive or

8    negative inference, for or against, the defendant may be drawn by you because the defendant did not

9    take the witness stand.  You may not speculate as to why he did not testify.  You may not consider this

10   in any way in your deliberations in the jury room.

11

12                            II. SUBSTANTIVE CHARGES

13        That concludes my introductory instructions.  Let me now turn to the charges.

14   The Indictment

15        The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

16   case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

17   indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

18   As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

19   It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

20        The Indictment (a copy of which you will have in the jury room during your deliberations)

21   contains two charges, or "counts," against the defendant.  Each count accuses the defendant of

22   committing a different crime and I will discuss each count in turn.  You must, as a matter of law,

1    consider each count, and you must return a separate verdict for each count in which the defendant is

2    charged.  Your verdict on one count should not control your decision as to the other count.

3           Count One charges that, between approximately October 2019 and approximately October

4    2021, the defendant knowingly conspired to import heroin into the United States.  Specifically, the

5    defendant is accused of conspiring to import heroin into the United States and/or to manufacture or

6    distribute heroin intending and knowing that it would be imported into the United States.

7           Count Two charges that, between approximately October 2019 and approximately October

8    2021, the defendant distributed, attempted to distribute, or aided and abetted the distribution of heroin

9    intending and knowing that it would be unlawfully imported into the United States.

10          During trial, you heard and saw some evidence concerning the alleged manufacture and/or

11   distribution of methamphetamine for importation into Australia.  The defendant is not charged with, or

12   on trial for, any crime related to methamphetamine or the importation of any controlled substance into

13   Australia.  Accordingly, while you may consider this evidence in determining whether the defendant

14   committed the crimes charged in the Indictment, you may not consider it as a substitute for proof that

15   the defendant committed the crimes charged in the Indictment.   Nor may you consider such evidence as

16   proof that the defendant has a criminal personality or bad character.

17

18   Conspiracy and Substantive Counts

19          As I just noted, the defendant is charged in Count One with participating in a conspiracy.  The

20   defendant is charged in Count Two with what is called a "substantive" crime.  I will instruct you as to

21   each count separately in just a moment, but let me briefly explain the difference between a conspiracy

22   charge and a substantive charge.

1     A conspiracy count is different from a substantive count.  Generally speaking, a conspiracy

2     charge alleges that two or more persons agreed together to accomplish an unlawful objective.  The focus

3     of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no

4     conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

5     A substantive count, on the other hand, charges a defendant with the actual commission of an

6     offense.  A substantive offense therefore may be committed by a single person, and it need not involve

7     any agreement with anyone.

8     A conspiracy to commit a crime is an entirely separate and different offense from a substantive

9     crime, the commission of which may be an object or goal of the conspiracy.  And because the essence of

10    the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the

11    crime, the commission of which was an objective of the conspiracy, was ever committed.  In other

12    words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if

13    its purpose was not accomplished.  Consequently, a conspiracy charge does not require proof that the

14    crime or crimes that were the objective or objectives of the conspiracy actually were committed.

15    By contrast, conviction on a substantive count requires proof that the crime charged actually was

16    committed or attempted, but does not require proof of an agreement.  If a defendant both participates in

17    a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that

18    defendant may be guilty of both the conspiracy and the substantive crime or crimes.

19    **Adapted from _United States v. Raji_, 19-CR-870 (JMF) (S.D.N.Y. 2022).**

20

Count Two: Distribution of Heroin for Importation

With that, I will turn to the elements of each count.  I am going to take them in reverse order, however, because explaining the substantive offense charged in Count Two first will simplify my instructions with respect to Count One, the conspiracy count.

There are three alternative bases on which the Government can prove the defendant guilty of Count Two.  I will instruct you on all of them.  For the first basis, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that between approximately October 2019 and approximately October 2021, the defendant intentionally and knowingly distributed a controlled substance;

*Second*, that the defendant did so either intending or knowing that at least some of that controlled substance would be imported into the United States;

*Third*, that the substance involved was in fact a controlled substance.  I instruct you that heroin is a controlled substance.  As long as you find that the defendant knowingly distributed a controlled substance, the amount involved, or its purity, is not part of your determination of the defendant's guilt or non-guilt.  Nor does the Government have to prove that the defendant knew the exact nature of the controlled substance.  It is enough that the defendant knew that he was distributing some kind of controlled substance.

**Adapted from the parties' Requests to Charge; *United States v. Romero-Padilla*, 05-CR-1262 (DLC) (S.D.N.Y. 2008); *United States v. Salazar-Espinosa*, 05-CR-517 (LAK) (S.D.N.Y. 2007); Sand, *Modern Federal Jury Instructions*, Instrs. 56-2, 56-33, 56-37; 21 U.S.C. §§ 959(a), 960(a)(3); *United States v. Londono-Villa*, 930 F.2d 994, 998 (2d Cir. 1991) (discussing the requirement that a defendant know or intended that the narcotics in question would be imported into the United States).**

1

2   <u>Definitions: "Distribute," "Import," "Knowingly," and "Intentionally"</u>

3        Let me define some of these terms and concepts.

4        *First*, "<u>distribute</u>" means the actual, constructive, or attempted transfer of a controlled substance.

5   It includes delivering, passing, or handing over something to another person.  It also includes causing

6   something to be delivered, passed on, or handed over to another person.  It includes, but does not

7   require, a sale.

8        *Second*, "<u>import</u>" means to bring a substance into the United States from some place outside the

9   United States.

10       *Third*, "<u>knowingly</u>" means to act deliberately and voluntarily, rather than by mistake or accident

11  or mere inadvertence.

12       *And finally*, "<u>intentionally</u>" means to act deliberately and with a bad purpose, rather than

13  innocently.

14       The question of whether a person acted with a particular state of mind — such as knowingly or

15  intentionally — is a question of fact for you to determine, like any other fact question.  Direct proof of a

16  person's state of mind is often not available.  It would be a rare case where it could be shown that a

17  person wrote or stated that as of a given time in the past he committed an act with a particular state of

18  mind.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though

19  subjective, may be established by circumstantial evidence, based upon a person's outward

20  manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the

21  evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence,

22  if believed, is of no less value than direct evidence.  In either case, however, the essential elements of

23  the crime, as I will explain them to you, must be established beyond a reasonable doubt.

18

1   **Adapted from the Government's Request to Charge;** *United States v. Raji*, **19-CR-870 (JMF)**

2   **(S.D.N.Y. 2022);** *United States v. Esteves*, **20-CR-868 (JGK) (S.D.N.Y. 2022);** *United States v.*

3   *Campo Flores*, **15-CR-765 (PAC) (S.D.N.Y. 2016);** *United States v. Amarizan*, **15-CR-445 (PAE)**

4   **(S.D.N.Y. 2016);** *United States v. Ezeobi*, **10-CR-669 (DLC) (S.D.N.Y. 2011)**; *United States v.*

5   *Choullam*, **05-CR-523 (LTS) (S.D.N.Y. 2008); Sand,** *Modern Federal Jury Instructions*, **Instr. 3A-1,**

6   **3A-4, 56-10.**

7

8   Count Two: Aiding and Abetting the Distribution of Heroin for Importation

9        The second alternative way the Government can prove the defendant guilty of Count Two is

10  called "aiding and abetting."  Under this theory, you may find the defendant guilty of Count Two if you

11  find that the Government proved beyond a reasonable doubt that another person committed the crime

12  and the defendant aided and abetted that person to commit the crime.  In other words, it is not necessary

13  for the Government to show that the defendant himself physically committed the crime charged in order

14  for you to find him guilty.  This is because a person who aids, abets, counsels, commands, induces, or

15  procures the commission of a crime is just as guilty of that offense as if he committed it himself.

16       Accordingly, you may find the defendant guilty of the offenses charged in Count Two if you find

17  beyond a reasonable doubt that the Government has proved that another person actually committed the

18  offense with which the defendant is charged and that the defendant aided, abetted, counseled,

19  commanded, induced, or procured that person to commit the crime.

20       To aid or abet another to commit a crime, it is necessary that the Government prove beyond a

21  reasonable doubt that a defendant intentionally and knowingly associated himself in some way with the

22  crime committed by the other person and intentionally and knowingly sought by some act to help the

1    crime succeed.  In other words, an aider and abettor must know that the crime is being committed and

2    act in a way that is intended to bring about the success of the criminal venture.

3            Let me caution you that the mere presence of the defendant where a crime is being committed,

4    even when coupled with knowledge by the defendant that a crime is being committed, or merely

5    associating with others who were committing a crime, is not sufficient to make the defendant guilty

6    under this approach of aiding and abetting.  Such a defendant would be guilty under this approach of

7    aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions

8    intended to help it succeed.

9            To determine whether the defendant aided or abetted the commission of the crime with which he

10    is charged, ask yourself these questions:

11         1.   Did he participate in the crime charged as something he wished to bring about?

12         2.   Did he knowingly associate himself with the criminal venture?

13         3.   Did he seek by his actions to make the criminal venture succeed?

14            If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the

15    other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor,

16    and you must find him not guilty under this second theory.

17    **Adapted from the Government's Request to Charge;** ***United States v. Raji***, **19-CR-870 (JMF)**

18    **(S.D.N.Y. 2022).**

19

20    Count Two: Attempted Distribution of Heroin for Importation

21            The third alternative way the Government can prove the defendant guilty of Count Two is to

22    prove that he *attempted* to distribute a controlled substance with the intent or knowledge that some of it

1    would be imported into the United States.  To convict the defendant of Count Two on this theory, the

2    Government must prove the following three elements beyond a reasonable doubt:

3         *First*, that, between approximately October 2019 and approximately October 2021, the defendant

4    intended to commit the crime of distributing a controlled susbstance with the intent or knowledge that

5    some of it would be imported to the United States;

6         *Second*, that the defendant did some act that was a substantial step in an effort to bring about or

7    accomplish the crime; and

8         *Third*, that the substance involved must in fact have been a controlled substance.  My previous

9    instructions regarding the meaning of "controlled substance" apply here as well.

10        Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the

11   defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit

12   the crime charged and that he took some action which was a substantial step toward the commission of

13   that crime.

14        In determining whether the defendant's actions amounted to a substantial step toward the

15   commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and

16   the actual doing of the criminal deed, on the other.  Mere preparation, which may consist of planning the

17   offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although

18   some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will

19   constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the

20   acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

21   **Adapted from Government's Request to Charge; *United States v. Dambelly*, 16-CR-002 (JMF)**

22   **(S.D.N.Y. 2016); Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 10-1.**

23

1    Count One: Elements

2           With that, I will now turn back to Count One, which charges the defendant with conspiracy to

3    import, and/or manufacture or distribute for the purpose of importing, heroin.  To convict the defendant

4    of that crime, the Government must prove the following two elements beyond a reasonable doubt:

5           *First*, that the conspiracy charged existed — that is, that between approximately October 2019

6    and approximately October 2021, an agreement or understanding between two or more persons existed

7    to engage in either or both of the following types of conduct: (1) to import a controlled substance into

8    the United States, or (2) to manufacture or distribute a controlled substance intending or knowing that at

9    least some of that controlled substance would be imported into the United States; and

10          *Second*, that the defendant intentionally and knowingly became a member of this conspiracy —

11   that is, that at some point during the conspiracy, he knowingly joined and participated in the conspiracy

12   with knowledge of its illegal object and an intent to further that object.

13          I have already explained the meaning of the terms "distribute," "import," "intentionally" and

14   "knowingly," and you should apply those instructions to Count One as well.  The term "manufacture"

15   means to produce, prepare, or process a controlled substance, or to engage or participate in a process that

16   results in the production of the controlled substance.

17          Let me elaborate on each element of Count One in turn.

18   **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Campo***

19   ***Flores*, 15-CR-765 (PAC) (S.D.N.Y. 2016); *United States v. Ezeobi*, 10-CR-669 (DLC) (S.D.N.Y.**

20   **2011); *United States v. Choullam*, 05-CR-523 (LTS) (S.D.N.Y. 2008); *see also United States v.***

21   ***Grammatikos*, 633 F.2d 1013, 1023 (2d Cir. 1980) ("Unlike the general conspiracy statute, 18**

22   **U.S.C. § 371, schemes to import or distribute controlled substances are the subjects of specifically**

1     **drawn statutes, and the rule in this and other circuits is that overt acts in furtherance of such**

2     **specifically prohibited agreements need be neither pleaded nor proven.").**

3

4     <u>Count One — First Element: Existence of a Conspiracy</u>

5        Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an

6     understanding, between two or more persons, to accomplish by joint action a criminal or unlawful

7     purpose.  If you find beyond a reasonable doubt that two or more persons came to an understanding,

8     explicitly or implicitly (that is, spoken or unspoken), to violate the law and to accomplish an unlawful

9     plan, then the Government will have sustained its burden of proof as to this element.

10        To satisfy its burden of proof on this element, the Government is not required to show that two

11     or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they

12     had formed a conspiracy to violate the law, and spelling out who would do what in order to carry out the

13     unlawful project.  Common sense tells you that when people, in fact, agree to enter into a criminal

14     conspiracy, much is left to unexpressed understanding.  In determining whether a conspiracy existed,

15     you may consider direct as well as circumstantial evidence.

16        When people enter into a conspiracy to accomplish an unlawful end, they become agents and

17     partners of one another in carrying out the conspiracy.  In determining whether there has been an

18     unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators

19     that were done to carry out the apparent criminal purpose.  The old adage, "Actions speak louder than

20     words," applies here.  Often, the only evidence that is available with respect to the existence of a

21     conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.

22     When taken together and considered as a whole, however, these acts and conduct may warrant the

23     inference that a conspiracy existed as conclusively as would direct proof.

1    The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve.

2    The object of the conspiracy charged in Count One is two-fold: (1) importing a controlled substance into

3    the United States, or (2) manufacturing or distributing a controlled substance with the intent or

4    knowledge that some of the controlled substance would be imported into the United States.

5    **Adapted from the parties' Requests to Charge; _United States v. Raji_, 19-CR-870 (JMF) (S.D.N.Y.**

6    **2022); _United States v. Ezeobi_, 10-CR-669 (DLC) (S.D.N.Y. 2011); _United States v. Dambelly_, 16-**

7    **CR-002 (JMF) (S.D.N.Y. 2016); Sand, _Modern Federal Jury Instructions_, Instr. 19-4; _see also_**

8    **_United States v. Rea_, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the**

9    **government need not present evidence of an explicit agreement; proof of a tacit understanding will**

10   **suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they**

11   **have agreed on the essential nature of the plan, and their goals need not be congruent, so long as**

12   **they are not at cross-purposes."); _United States v. Montour_, 944 F.2d 1019, 1025 (2d Cir. 1991)**

13   **("To prove the existence of an agreement, the government need not present evidence of a formal**

14   **arrangement between the co-conspirators.  Rather, it is sufficient if the government can**

15   **demonstrate that the defendant acted together with others to realize a common goal.").**

16

17   Count One — First Element: Object of the Conspiracy

18   Accordingly, to find the defendant guilty of the conspiracy charged in Count One, you must find

19   beyond a reasonable doubt that the object or goal of the conspiracy was either (1) that a controlled

20   substance would be imported, or brought, into the United States from a place outside the United States;

21   or (2) that a controlled substance would be manufactured or distributed with the intent or knowledge that

22   at least some of the controlled substance would be unlawfully imported into the United States.  The

23   Government need not prove both of the objects beyond a reasonable doubt.  Instead, an agreement to

1   accomplish either object — the importation of a controlled substance into the United States *or* the

2   manufacture or distribution of a controlled substance intending or knowing that some of it would be

3   imported into the United States — is sufficient.  You must be unanimous, however, as to which act was

4   proven beyond a reasonable doubt to have been the object of the conspiracy.  If the Government fails to

5   prove that either of the charged objects of the conspiracy was in fact an object of the conspiracy in

6   which the defendant participated, then you must find the defendant not guilty of Count One.

7            By the same token, for the second object — the manufacture or distribution of a controlled

8   substance with the intent or knowledge that some of the controlled substance would be imported into the

9   United States — it is not necessary for the Government to prove that the conspiracy had as its object

10  *both* the manufacture *and* the distribution of a controlled substance.  Instead, it is sufficient if you find

11  that the conspiracy was aimed at *either* the manufacture *or* the distribution of a controlled substance

12  with either the intent or the knowledge that some of it would later be imported into the United States.

13  You must be unanimous, however, as to which of these objectives — manufacture, distribution, or both

14  — the conspiracy had.

15           Moreover, with respect to the first object — importation — it is not necessary for you to find that

16  the defendant actually brought the controlled substance into the United States.  Indeed, the Government

17  is not required to prove that any person actually brought the controlled substance into the United States.

18  Instead, the Government must prove that the defendant agreed with at least one other person to bring a

19  controlled substance into the United States.

20           As I have already explained, heroin is a controlled substance.  The purity of the narcotics

21  involved is not an element of the crimes charged, so you need not be concerned with that.  Nor must the

22  defendant know the exact nature of the drug.  In other words, you need not find that the defendant knew

23  that the controlled substance involved was heroin — only that he knew that the conspiracy involved the

25

1   importation or manufacture or distribution of a controlled substance.  Also, in considering whether a

2   conspiracy existed, you need not consider whether the Government has proven that a particular quantity

3   of a controlled substance was involved in the charged conspiracy.  You need only find that the co-

4   conspirators agreed either to import, distribute, or manufacture some quantity, however small, of a

5   controlled substance.

6   **Adapted from the Government's Request to Charge; _United States v. Campo Flores_, 15-CR-765**

7   **(PAC) (S.D.N.Y. 2016); _United States v. Ezeobi_, 10-CR-669 (DLC) (S.D.N.Y. 2011); _United States v._**

8   **_Choullam_, 05-CR-523 (LTS) (S.D.N.Y. 2008).**

9

10   Count One — Second Element: Membership in the Conspiracy

11         If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy

12   charged in Count One existed, then you must next determine the second question, which is whether the

13   defendant knowingly and intentionally became a member of that conspiracy — that is, whether the

14   defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes and in

15   furtherance of its unlawful objective or objectives.

16         The Government must prove beyond a reasonable doubt that the defendant knowingly and

17   intentionally entered into the conspiracy with a criminal intent — that is, with an unlawful purpose —

18   and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose or purposes and

19   with the specific intention of furthering its objective or objectives.

20         It is not necessary for the Government to show that the defendant was fully informed as to all the

21   details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a

22   defendant need not have known the full extent of the conspiracy or all of the activities of all its

23   participants.  It is not even necessary that a defendant knew every other member of the conspiracy.

26

1    When people enter into a conspiracy to accomplish an unlawful end, they become agents or

2    partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you

3    may, but are not required to, take into account any acts or statements made by the defendant's co-

4    conspirators (if any), which were made during, in the course of, and in furtherance of the conspiracy,

5    even though such acts or statements were not made in the presence of the defendant or were made

6    without his knowledge.  Acts or statements made in furtherance of the common purpose of the

7    conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the

8    members are responsible for such acts or statements.

9    Indeed, each member of the conspiracy may perform separate and distinct acts and may perform

10   them at different times.  Some conspirators may play major roles, while others play minor roles.  An

11   equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant

12   within the scope of the conspiracy.

13   Nor is it necessary that a defendant received any monetary benefit from his participation in the

14   conspiracy, or had a financial stake in the outcome, so long as he in fact joined in the conspiracy in the

15   manner I have explained.

16   Keep in mind, however, that a person may know, assemble with, associate with, or be friendly

17   with, one or more members of a conspiracy, without being a conspirator himself.  Mere similarity of

18   conduct or the fact that the defendant may have discussed common aims and interests does not

19   necessarily establish proof of the existence of a conspiracy or the defendant's membership in the

20   conspiracy.  I also want to caution you that mere knowledge or acquiescence, without participation, in

21   the unlawful plan is not sufficient.

22   Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further

23   the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy.

27

1   More is required under the law.  What is necessary is that the defendant must have participated with

2   knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of

3   aiding in the accomplishment of those unlawful ends.

4          The duration and extent of a defendant's participation in the alleged conspiracy has no bearing

5   on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have

6   joined it at any time in its progress, and he will still be held responsible for full membership in the

7   conspiracy.

8          Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished

9   or there is some affirmative act of termination by the members.  So too, once a person is found to be a

10  member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy

11  is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated

12  himself from the conspiracy.

13         In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of

14  the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for

15  the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant

16  in the unlawful agreement — that is to say, a conspirator.

17  **Adapted from *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Dambelly*,**

18  **16-CR-002 (JMF) (S.D.N.Y. 2016); Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 3A-1, 3A-**

19  **3; *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing the manner**

20  **in which the government may show participation in conspiracy with required state of mind).**

21

1    Both Counts — Special Interrogatory on Drug Type and Quantity

2        If, and only if, you find that the Government has proved beyond a reasonable doubt that the

3    defendant is guilty of Count One or Count Two, you must determine the type and quantity of the

4    controlled substance involved in the offense.  You will be provided with a verdict form that will include

5    spaces for you to indicate your determinations as to drug type and quantity.  The burden is on the

6    Government to prove the type and quantity of drugs beyond a reasonable doubt.

7        With respect to drug *type*, the Government alleges that heroin was the controlled substance

8    involved in both Counts One and Two.  As I have previously instructed, heroin is a controlled substance,

9    and the Government need not prove the purity of the heroin — any mixture or substance containing a

10   detectable amount of heroin is sufficient.

11       With respect to drug *quantity*, you need not determine the precise quantity of heroin involved.

12   Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has

13   established beyond a reasonable doubt that the conspiracy involved either: (1) one kilogram or more of

14   mixtures or substances containing a detectable amount of heroin; (2) 100 grams or more of mixtures or

15   substances containing a detectable amount of heroin, but less than one kilogram; or (3) less than 100

16   grams of mixtures or substances containing a detectable amount of heroin.

17       Your finding on quantity must be unanimous in the sense that all of you must agree that the

18   conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the

19   conspiracy involved one kilogram or more of mixtures or substances containing a detectable amount of

20   heroin, you should indicate one kilogram or more of heroin.  If, however, some jurors conclude that the

21   conspiracy involved one kilogram or more of mixtures or substances containing a detectable amount of

22   heroin and the rest of the jurors conclude that it involved 100 grams or more, but less than one kilogram,

23   of mixtures or substances containing a detectable amount of heroin, you should indicate 100 grams or

1  more of mixtures or substances containing a detectable amount of heroin because all of you would be in

2  agreement that the conspiracy involved at least 100 grams of heroin.

3      In making any determination about quantity, you should include whatever quantity of heroin

4  was involved in any act or acts in which the defendant personally and directly participated.  If you find

5  that the defendant personally or directly participated in a jointly undertaken drug transaction, he is

6  responsible for the full quantity of the drugs involved in that transaction.  In addition, in making any

7  determination about quantity, you should also include any other quantity of heroin involved so long as

8  that quantity was either known to the defendant or reasonably foreseeable to him and within the scope of

9  the conspiracy.  Reasonably foreseeable means that the defendant could have reasonably anticipated the

10  type and quantity of drugs involved in the conspiracy.

11  **Adapted from the parties' Requests to Charge; _United States v. Gobern_, 15-CR-796 (VSB)**

12  **(S.D.N.Y. 2016); _United States v. Hernandez_, 12-CR-809 (PKC) (S.D.N.Y. 2013); Sand, _Modern_**

13  **_Federal Jury Instructions_, Instrs. 56-12, 56-38.1.**

14

15  Venue

16      In addition to considering the elements of the offenses I have described for you, you must decide

17  with respect to each count whether venue is proper in this District.  The Government need not prove that

18  the crimes charged were committed in this District or that the defendant himself was present here.

19  Instead, it is enough if you find that the point of entry where the defendant was first brought into the

20  United States was in the Southern District of New York.  Westchester County, including the

21  Westchester County Airport and the City of White Plains, is in the Southern District of New York.

1    I should note that on this issue, and this issue alone, the Government need not prove venue

2    beyond a reasonable doubt, but only by a mere preponderance of the evidence — that is, that it is more

3    likely than not that the defendant was first brought into the United States in this District.

4    **Adapted from the Government's Request to Charge;** ***United States v. Raji*, 19-CR-870 (JMF)**

5    **(S.D.N.Y. 2022);** ***United States v. Campo Flores*, 15-CR-765 (PAC) (S.D.N.Y. 2016); 18 U.S.C.**

6    **§ 3238.**

7

8    <u>Variance in Dates</u>

9    It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

10    different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

11    and the dates established by the evidence.

12

13    III. CONCLUDING INSTRUCTIONS

14    <u>Selection of the Foreperson</u>

15    In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

16    task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

17    but is the person who will communicate with me when questions arise and when you have reached a

18    verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

19    be signed by the foreperson and should include the date and time they were sent.  They should also be as

20    clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

21    please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

22    how the jury stands on any issue until after a unanimous verdict is reached.

23

1    <u>Right to See Exhibits and Hear Testimony</u>

2    All of the exhibits (with the exception of Government Exhibits 101 and 102, the drug exhibits)

3    will be given to you near the start of deliberations.  In addition, you will also be provided with a list of

4    all the exhibits that were received into evidence.

5    If you prefer to view any evidence here in the courtroom or if you want any of the testimony

6    submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

7    testimony, however, the court reporter must search through her notes, the parties must agree on what

8    portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

9    can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

10   portions of the testimony, if you do.

11   Again, your requests for testimony — in fact, any communication with the Court — should be

12   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

13   Security Officers.

14

15   <u>Juror Note-Taking</u>

16   If any one of you took notes during the course of the trial, you should not show your notes to, or

17   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

18   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

19   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

20   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

21   the testimony, you may — as I just told you — request that the official trial transcript that has been

22   made of these proceedings be submitted or read back to you.

23

1    Bias, Prejudice, and Sympathy

2         All of us, no matter how hard we try, tend to look at others and weigh what they have to say

3    through the lens of our own experience and background.  We each have a tendency to stereotype others

4    and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

5    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

6    all litigants and witnesses are entitled to a level playing field.

7         In particular, it would be improper for you to consider, in reaching your decision as to whether

8    the Government sustained its burden of proof, any personal feelings you may have about the defendant's

9    race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

10   you to consider any personal feelings you may have about the race, religion, national origin, gender,

11   sexual orientation, or age of any witness or anyone else involved in this case

12        Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

13   are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

14   question that you must ask yourselves for each count is:  Has the Government proved each element of

15   each count beyond a reasonable doubt?

16        It is for you and you alone to decide whether the Government has sustained its burden of proving

17   the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

18   and subject to the law as I have instructed you.

19        It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

20   there is a risk that you will not arrive at a true and just verdict.

21        If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

22   you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

23   that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

33

1  with respect to a particular count, then you should not hesitate because of sympathy or any other reason

2  to render a verdict of guilty on that count.

3        I also caution you that, under your oath as jurors, you cannot allow to enter into your

4  deliberations any consideration of the punishment that may be imposed upon the defendant if he is

5  convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

6  and the issue of punishment may not affect your deliberations as to whether the Government has proved

7  the defendant's guilt beyond a reasonable doubt.

8

9  <u>Duty to Deliberate</u>

10        The most important part of this case, members of the jury, is the part that you as jurors are now

11  about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

12  presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

13  would well and truly try the issues joined in this case and a true verdict render.

14        As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

15  to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

16  the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

17  fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

18  hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

19  honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

20        Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

21  you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

22  any time during your deliberations.

23

1   Return of the Verdict

2        We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

3   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

4   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

5   foreperson has been selected.

6        You should draw no inference from the questions on the Verdict Form as to what your verdict

7   should be.  The questions are not to be taken as any indication that I have any opinion as to how they

8   should be answered.

9        After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

10  and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

11  Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

12  verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

13  Verdict Form and hand it to me in open court when I ask for it.

14       I will stress again that each of you must be in agreement with the verdict that is announced in

15  court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

16  revoked.

17

18  Closing Comments

19       Finally, I say this, not because I think it is necessary, but because it is the custom in this

20  courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

21       All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

22  litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

23  to see that justice is done.

1    Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

2    guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

3    the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

4    on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

5    clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

6    impartial decision so that you will arrive at the just verdict.

7    Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

8    spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

9    patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

10   the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

                                  :

UNITED STATES OF AMERICA,          :

                                  :         21-CR-658 (JMF)

   -v-                               :

                                  :

MALEK MOHAMMAD BALOUCHZEHI,    :        <u>VERDICT FORM</u>
       a/k/a "Malek Khan,"           :

                                  :

                  Defendant.       :

                                  :

------------------------------------------------------------------X

***All Answers Must Be Unanimous***

<u>**Count One**</u> **– Conspiracy to Import Heroin**

   Guilty   _____     Not Guilty   _____

**If, but <u>only</u> if, you have found the defendant guilty on Count One, please answer the following question:**

   Did the offense charged in Count One involve the following quantity of mixtures and substances containing a detectable amount of heroin?  (Please check one)

        i.      _____ 1 kilogram or more; or
        ii.     _____ 100 grams or more, but less than 1 kilogram; or
        iii.    _____ Less than 100 grams

<u>**Count Two**</u> **– Distribution of Heroin for Importation**

   Guilty   _____     Not Guilty   _____

**If, but <u>only</u> if, you have found the defendant guilty on Count Two, please answer the following question:**

   Did the offense charged in Count Two involve the following quantity of mixtures and substances containing a detectable amount of heroin?  (Please check one)

        i.      _____ 1 kilogram or more; or
        ii.     _____ 100 grams or more, but less than 1 kilogram; or
        iii.    _____ Less than 100 grams

***Please Turn to the Next Page***

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____     _____
Foreperson

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

Date and Time: _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.*

2