UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                              :
                                                                       :
              -v-                                                      :    21-CR-658 (JMF)
                                                                       :
MALEK MOHAMMAD BALOUCHZEHI,                                            :    MEMORANDUM OPINION
     a/k/a "Malek Khan,"                                               :        AND ORDER
                                                                       :
                      Defendant.                                       :
                                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties dispute whether the Defendant Mohammad Balouchzehi, who was convicted after trial of narcotics offenses, acted as "an organizer, leader, manager, or supervisor," as defined in U.S.S.G. § 3B1.1. *See* ECF No. 104 ("Def. Letter"); ECF No. 105 ("Gov't Opp'n"). The dispute matters not only to the proper calculation of the Sentencing Guidelines range, but also to whether Balouchzehi is (subject to meeting one final requirement) eligible for the so-called safety valve set forth in 18 U.S.C. § 3553(f).

      Upon review of the parties' submissions, the Court finds that Balouchzehi qualifies as an organizer, leader, manager, or supervisor, substantially for the reasons set forth in the Government's letter brief. *See* ECF No. 105.[1] Balouchzehi's arguments to the contrary are unconvincing. The fact that he may not have personally touched the drugs involved in the offense is of no moment; it is not uncommon for an organizer, leader, manager, or supervisor of others in a drug offense to be one or more steps removed from the drugs themselves. Here, the evidence supports a finding, by a preponderance of the evidence, that Balouchzehi "exercise[d]

---

[1] That said, the Court need not and does not take a position at this time on whether Balouchzehi qualifies for a two-, three-, or four-point enhancement under U.S.S.G. § 3B1.1.

some degree of control over others involved in the commission of the offense or play[ed] a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir. 1995) (internal quotation marks omitted). Equally irrelevant is whether Balouchzehi's nephew was also an organizer, leader, manager, or supervisor of others in the offense. The evidence supports a finding that they were drug partners and "[t]here can, of course, be more than one person who qualifies as a leader or organizer." U.S.S.G. § 3B1.1, cmt. 4. Finally, Balouchzehi's conduct was no more "inconsistent with that of an organizer or leader," ECF No. 104, at 5, than it was inconsistent with that of a drug dealer — an argument that the jury rightly rejected at trial. No doubt Balouchzehi regrets taking some of the risks that he did in connection with his meeting with purported customers who turned out to be undercovers. But stupidity is no more an argument against application of the leadership enhancement in U.S.S.G. § 3B1.1 than it is a defense to criminal liability.

For the foregoing reasons, the Court concludes that Balouchzehi qualifies as "an organizer, leader, manager, or supervisor," as defined in U.S.S.G. § 3B1.1, and is ineligible for the so-called safety valve set forth in 18 U.S.C. § 3553(f). Unless and until the Court orders otherwise, sentencing remains scheduled for **October 18, 2023**, at **3:00 p.m.** *See* ECF No. 103. The Clerk of Court is directed to terminate ECF No. 104.

SO ORDERED.

Dated: August 28, 2023
      New York, New York

JESSE M. FURMAN
United States District Judge