UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA               :

             -v-                     :            21-CR-658 (JMF)

                                   :

MALEK MOHAMMAD BALOUCHZEHI,     :      MEMORANDUM OPINION
                                   :          AND ORDER
                 Defendant.         :

                                   :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Malek Mohammad Balouchzehi was convicted, following a jury trial, of conspiring to import one kilogram or more of heroin into the United States and distributing one kilogram or more of heroin for importation into the United States and sentenced, in October 2023, principally to 240 months' imprisonment. *See* ECF Nos. 110, 112 ("Sent. Tr."). Thereafter, the Second Circuit affirmed his conviction, describing the evidence of his guilt as

> overwhelming, including as it did the testimony of an undercover special agent and confidential source whose personal communications with Balouchzehi over the span of two years culminated in negotiating the terms of importing literally ton-quantities of heroin into the United States, surreptitious video and audio recordings made by those witnesses corroborating their accounts of Balouchzehi's statements, and the actual delivery by courier (who reported having worked for Balouchzehi for a long time) of a two-kilogram "sample" of heroin promised by Balouchzehi, after Balouchzehi first arranged for one attempted transfer of the sample (at which the courier balked because he did not want to deal with a foreigner) and then for a second, successful attempt after advising the agent and informant that the courier preferred to deal with a local intermediary.

ECF No. 114, at 4 (cleaned up). Proceeding without counsel, Balouchzehi now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for a reduction of his sentence — also known as "compassionate release." *See* ECF Nos. 115 ("Motion"), 116 ("Def.'s Mem.").

As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii); *see also United States v. Fernandez*, 104 F.4th 420, 426-27 (2d Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] As the Second Circuit has held, "an 'extraordinary' reason is 'most unusual,' 'far from common,' and 'has little or no precedent,'" or is "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Fernandez*, 104 F.4th at 428 (cleaned up). Meanwhile, "[a] 'compelling' reason 'is both powerful and convincing.'" *Id.* (cleaned up).

Measured against these standards, Balouchzehi's motion falls short, substantially for the reasons stated by the Government in its opposition. *See* Gov't Opp'n 7-11. For starters, Balouchzehi's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. He argues that he is entitled to a sentence reduction because he has an incapacitated spouse, an incapacitated mother, and a minor child with no other caregiver, all of whom live in Iran. *See* Def.'s Mem. 1-2; *see also* U.S.S.G. § 1B.13(b)(3). But Balouchzehi has a large family in Iran, including at least six siblings, *see* Sent. Tr. 11; ECF No. 106 ("PSR"), ¶¶ 67-68, and he has not established that he "would be the only available caregiver" for his spouse, mother, or child, as the relevant Guideline requires, U.S.S.G. § 1B1.13(b)(3)(B)-(C).[2] In a letter filed under seal, Balouchzehi's sister — who has

---

[1]   Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Balouchzehi has satisfied it. *See* Def.'s Mem. 2; ECF No. 123 ("Gov't Opp'n"), at 5, 13.

[2]   Nor, for the reasons explained by the Government, has Balouchzehi established that his

been caring for their mother — writes that "due to the necessities of life, the need for employment, and plans for marriage," she will "no longer be able to continue providing continuous care." If that were enough to satisfy U.S.S.G. § 1B1.13(b)(3), however, it would (subject to the Section 3553(a) factors) effectively provide every family of a defendant with an elderly parent or minor child a get-out-jail-free card; other family members would merely have to say that they did not wish to care for the elderly parent or minor child. That hardly qualifies as "'most unusual,' 'far from common,'" or "'remarkable,'" let alone "'both powerful and convincing.'" *Fernandez*, 104 F.4th at 428 (cleaned up).

In any event, even if Balouchzehi did establish "extraordinary and compelling reasons," the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Little more than two years ago, the Court carefully considered the Section 3553(a) factors and reasoned that they called for the sentence imposed. (Moreover, it did so despite Balouchzehi's argument that incarceration would impose hardship on his family, including his elderly mother. *See* Gov't Opp'n 10.) The Court's reasoning "still applies with full force today." *United States v. Saleh*, No. 93-CR-181 (LAP), 2023 WL 158444, at *5 (S.D.N.Y. Jan. 10, 2023). Put simply, the record overwhelmingly proved that Balouchzehi was a leader of a large-scale international drug trafficking organization that had the capacity to deliver, and did deliver, massive quantities of controlled substances to the United States and other countries. *See* Gov't Mem. 1-4, 11.

---

spouse is "incapacitated" within the meaning of U.S.S.G. § 1B1.13(b)(3). *See* Gov't Opp'n 9.

3

Balouchzehi argues that he would not pose a danger if released because he would be immediately transferred to Immigration and Customs Enforcement for detention and removal. *See* ECF No. 124, at 8.  But that would do little to mitigate the risks associated with Balouchzehi's release; after all, he committed the offenses of conviction without ever setting foot in the United States.  And, in event, the other purposes of sentencing, *see* 18 U.S.C. § 3553(a)(2), including general deterrence, would be ill served by shortening Balouchzehi's sentence — especially insofar as he continues to minimize, if not deny, his guilt.  *See, e.g.*, ECF No. 125.

For the foregoing reasons, Balouchzehi's motion is DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 115 and to mail a copy of this Memorandum Opinion and Order to:

> Malek Mohammad Balouchzehi
> Register No. 68968-509
> FCI Fort Dix
> Federal Correctional Institution
> Joint Base MDL, NJ 08640

SO ORDERED.

Dated: January 27, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

4